

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 22, 1959

Honorable Robert S. Calvert          Opinion No. WW-649
Comptroller of Public Accounts
Capitol Station                      Re: Questions relating
Austin, Texas                             to circus occupation
                                          tax, Article 7047,
                                          Subdivision 24, Series
                                          124-135, V.C.S., inclu-
Dear Mr. Calvert:                         sive.

We quote the following from your opinion request:

"The questions involving liability arises
from a circus being advertised to perform in
Texas on six successive days, the services of
which have been purchased by a grocery mer-
chandising concern who, in turn, for the pur-
pose of being remunerated, requires the means
of admission to be sales slips evidencing pur-
chase of $35.00 (thirty-five dollars) of mer-
chandise from said sponsor. Such evidence is
required of each person desirous of admittance.

"Your opinion as to whether the Occupation
Tax Receipt is required of the circus under
such conditions is requested, if your answer
is in the affirmative, is the grocery concern
or the owners of the circus, liable for the
tax receipt."

The pertinent provisions of Article 7047, Section
24, are as follows:

"Circus and Shows.--From every person, firm,
association of persons or corporation exhibiting
performances such as a circus, menagerie, wild
west show, dog and/or pony show or show wherein
broncho busting, rough riding, equestrian, or
acrobatic feats are performed, or any other show,
exhibition or performance similar thereto, or
any combination feats are performed, or any com-
bination of any of the foregoing, for which ad-
mission fee is demanded or received for each day
or part thereof on which performances or exhibitions
are given, the following amount, respectively:
. . . .

". . .Every show or exhibition which advertises itself as being any of those described in this Section shall be held to be such for the purpose of levying and collecting the occupation tax herein provided; provided, however, that the tax levied herein shall not apply to any show, circus or exhibition not operated for private gain and the earnings and assets thereof are devoted solely and exclusively to charitable, benevolent, religious or educational purposes."

You have furnished us additional information to the effect that the circus is advertised in the name of the owner, which is its customary name, and that such advertising represents that the circus is being "presented" by the grocery concern. You further informed us that the grocery concern purchased a stipulated number of performances in specified cities, but did not gain the right to control the method of performance, or the right to require additional performances, or the right to exercise control over individual performers. It is apparent therefore, that the grocery concern purchased only the exclusive right to admission to a specified number of performances, and is not exhibiting the circus. Consequently, you are advised that the circus meets the requirement of the taxing act in that it advertises itself as a circus and receive admission fees for each day or part thereof for which performances are given, and that the owner thereof is liable for the tax.

## SUMMARY

A circus which is advertised as being presented by a grocery merchandising concern is liable for the occupation tax imposed by Article 7047, Section 24. The owner of such circus is required to pay the tax.

Yours very truly,

WILL WILSON
Attorney General of Texas

JNP:cm

By: Jack N. Price
Jack N. Price
Assistant

APPROVED:
OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

L. P. Lollar
Robert T. Lewis
Wallace Finfrock
Thomas Burrus

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. GEPPERT